The evidence in the case before us shows that the defendant here never recognized its liability under the policy in suit. It never promised to pay the loss. Hitchcock, the adjuster, when he learned the facts, called attention to the fact that the insurance company was not liable. It is true that the insurance company, under the provisions of the policy, asked for an examination of one of the plaintiff's officers, but the policy expressly provided that:

"This company shall not be held to have waived any provision or condition of this policy, or any forfeiture thereof, by any requirement, act, or proceeding on its part relating to the appraisal or to any examination herein provided for."

It does not appear that the adjuster had any power or authority to bind the defendant, or to reform its contracts, or to make new agreements for it.

The case of Draper v. Oswego County Fire Relief Ass'n, 115 App. Div. 807, 101 N. Y. Supp. 168; Id., 190 N. Y. 12, 82 N. E. 755, holds that, where even the directors hold such an examination, it does not, under a policy like this, constitute a legal waiver of their rights to insist upon the terms and conditions.

We can reach no other conclusion than that the plaintiff cannot prevail in this action. The plaintiff's complaint is therefore dismissed.

Let findings be prepared in accordance with the views above expressed.

---

### In re MERRILL et al.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

EXECUTORS AND ADMINISTRATORS (§ 485*)—ACCOUNTS—ILLEGAL PAYMENT.

A surrogate disqualified by Code Civ. Proc. § 2495, because of his jurisdiction in the matter of an estate, to act as counsel in an action for it, having taken the administrator to an attorney to bring the action, and having at the administrator's request, come into it as counsel before the action was brought, either before or after the administrator agreed to pay the attorney half of any recovery as his fee, and having been paid by the attorney $600 from his half of the recovery, it will be assumed that such payment was in accordance with an understanding between the three when he came into the case, and so was in effect an illegal payment from the estate, for which the administrator could not have credit.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 2068; Dec. Dig. § 485.*]

Houghton, J., dissenting.

Appeal from Surrogate's Court, Broome County.

In the matter of the judicial settlement of the accounts of Sadie Merrill and Diar Baker, as administrators of Orson A. Van Alstine, deceased. From the decree made by the District Attorney, acting as Surrogate, settling the accounts of the administrators, the special guardian of the infant next of kin appeals. Reversed, and accounts surcharged.

Argued before SMITH, P. J., and KELLOGG, HOUGHTON, and BETTS, JJ.

James K. Nichols, of Binghamton, for appellant.
William F. Van Cleve, of Binghamton, for respondents. .

JOHN M. KELLOGG, J. The surrogate acted as counsel in the prosecution of the claim which the estate had for the killing of the intestate and has received therefor $600. This was in direct violation of section 2495 of the Code of Civil Procedure, which prohibits a surrogate from acting as counsel in any action for or against an estate over whom or whose accounts he could have any jurisdiction by law. The surrogate granted the original letters of administration which enabled the estate to bring the action; but, when the accounts of the administrators came before him for settlement, he had disqualified himself to act by reason of his having acted as counsel for the estate, and the accounts were therefore settled before the district attorney, acting as surrogate. Of course, the surrogate has received $600 which he had no legal right to receive, and the inference arises that, if he had not received it, it would have remained with the estate. It is unnecessary to characterize the transaction. It speaks for itself, and, in a sense, there is a shadow upon the case made by the administrator attempting to sustain his accounts.

. After the intestate's death, Baker called upon the surrogate and obtained letter of administration. He recited the circumstances of the death and asked the judgment of the surrogate, who suggested that a certain attorney across the hall be employed. The administrator had known the surrogate for years, but did not know the attorney. The surrogate took the administrator across the hall, introduced him to the attorney, and they stated the facts and circumstances of the case. It is not quite clear that the surrogate was present at all this conference, or how much part he took in it. At some time before suit brought it was agreed between Baker and the attorney that he should have for his compensation one-third of the recovery if settled, one-half if litigated. Evidently the administrator talked with the surrogate about the case at different times, and he could not tell when the surrogate came into the case, but knew that he was in the case at his request.

The amount of the recovery was $4,413.21, which sum was paid to the attorney in satisfaction of the judgment, and he deposited it in his bank acount, and from the proceeds paid the disbursements, $260.47, paid to the administrator $2,076.37 less $150, which he had advanced him as a loan, paid the surrogate $600, and retained the balance. The action was tried three times, appealed to the Appellate Division three times, and to the Court of Appeals once.

The facts are so peculiar, the action of the surrogate so extraordinary, that it leaves ground for the impression that he was interested in the litigation from the beginning, or that the agreement as to the compensation of the attorney was made in some way in part for his benefit. If the administrator wanted the surrogate to act as counsel in the case, it is not natural that the attorney should be willing to pay him

out .of his half, unless the fact that the surrogate furnished the case to the attorney, or that there was some tacit or implied understanding that the surrogate was not to lose by the retainer of the attorney. The attorney claims no part of this $600, and he retained half of the recovery, less $600. If there was an agreement originally that he was to have one-half and the surrogate was not directly or indirectly to be benefited by that agreement, we may assume that later the agreement was modified, and that the parties received for the services in the end the sum the understanding of the parties contemplated they should have.

We may infer that perhaps the attorney and the administrator did not at the time know that they were parties to an illegal transaction. They nevertheless were such parties, and we must view their evidence accordingly, and assume that each has given the most favorable version of the transaction that could be given.

We are not required to draw inferences or find excuses for the parties; justice requires that the facts rather than the mouths of the participants in this illegal action should speak. The facts show that $600 received from the recovery has been paid illegally to the surrogate for the services rendered to the administrator. Justice and due administration of law require that the money should be returned to the estate.

I therefore favor a reversal of the decree, so far as it gives the administrators credit for said $600, and the account should be charged with.that amount and interest.

BETTS, J., concurs.

SMITH, P. J. (concurring). By section 2586 of the Code of Civil Procedure this court is authorized upon this appeal to decide any question of fact which the Surrogate's Court might have decided. The arrangement between the administrator, Van Cleve, and Parsons, by which Parsons was brought into the case as counsel, modified the agreement theretofore made between the administrator and Van Cleve to the extent that the administrator would have become responsible to Parsons for the payment of a fair compensation as counsel, had his employment been lawful. Acting in violation of the statute, however, Parsons had no legal claim against the administrator, and the payment to him by Van Cleve as the agent of the administrator can be recovered back by reason of the confidential relations existing between the administrator and Parsons. Upon this ground I concur in the conclusion reached.

HOUGHTON, J. (dissenting). In dissenting from the decision about to be made, I do not do so because I think the surrogate of Broome county was properly paid the sum of $600 as a counsel fee in the action in which the respondents the administrators of the estate of Orson A. Van Alstine, deceased, were plaintiffs. On the contrary, he had no right to act as counsel or to be paid any sum, and he violated the law and his oath of office in consenting ·to act as counsel and in

receiving any pay for his services. If the money had been paid to him by the administrators, I agree that it would have been an illegal payment, and that their account should be surcharged with the amount, remitting them to their remedy of recovering it back from him, which they would have a right to do. The trouble about surcharging the administrators with the amount is that they did not make the payment. It clearly was made from the one-half of the recovery which the attorney Van Cleve retained, and which under his agreement with the administrators he had a right to retain. The agreement that the attorney should have one-half the recovery for his services, under the circumstances disclosed, was not unconscionable, and there is no dispute that such was the agreement. Nor is there any dispute that he paid their one-half to the administrators, and that they have properly accounted for it, or that the attorney Van Cleve paid the $600 to the surrogate from his own half of the recovery. Van Cleve had the right to do what he liked with his half. He could give a part or all of it to the surrogate, or throw it away if he chose.

There is no proof in the record that when the administrators asked for counsel, and it was suggested that the surrogate act as such, to which Van Cleve assented, there was any new bargain made about Van Cleve's compensation, to the effect that he was to take out of his half the amount demanded by counsel and turn it over to the administrators, who were to pay counsel therewith. Nor are there any circumstances which show that such was the modified bargain.

It was simply a case of clients desiring counsel, and the attorney assenting to paying him out of his contingent fee. Such a situation frequently arises.

It is true that one of the administrators suggested or insisted upon the surrogate being the counsel, doubtless not knowing that he was disqualified from acting; but that fact does not make him or his coadministrator liable to pay back into the estate the amount of the counsel fee which the surrogate was paid by Van Cleve.

It seems to me the facts do not justify a reversal of that part of the decree appealed from, nor the granting of any relief to the appellant. I therefore vote for an affirmance.