Elizabeth French, Appellant, v. Benjamin F. French, Respondent.— Order dismissing appeal vacated and application to withdraw motion granted, upon stipulation filed.

Imo W. Toms, Respondent, v. Town of Newfane, Appellant.— Motion to amend order of reversal so as to state that the reversal was made upon questions of law only, and that the facts had been examined and no error found therein, denied, without costs.

Pauline Solecki, an Infant, etc., Respondent, v. McKinnon Dash Company, Appellant.— Motion for leave to appeal to Court of Appeals denied, with ten dollars costs.

Lyman E. Klotz, Appellant, v. Lily B. M. Fenn, as Executrix, etc., Respondent.— Motion for leave to appeal to Court of Appeals granted. Order to be settled and questions to be certified before Mr. Justice Foote on two days' notice.

In the Matter of the Application of the Grade Crossing Commissioners of the City of Buffalo for the Appointment of Commissioners of Appraisal to Ascertain the Compensation to Be Paid to the Owners of, etc., Lands Claimed to Be Injured, etc., and Claimed to Be Owned by Barber Asphalt Paving Company and Others. (Proceeding No. 97.) — Motion for leave to appeal to Court of Appeals granted, and questions for review certified.

In the Matter of the Application of the Grade Crossing Commissioners of the City of Buffalo for the Appointment of Commissioners of Appraisal to Ascertain the Compensation to Be Paid to the Owners of, etc., Lands Claimed to Be Injured, etc., and Claimed to Be Owned by George Urban Milling Company and Others. (Proceeding No. 101.) — Motion for leave to appeal to Court of Appeals granted, and questions for review certified.

---

## THIRD DEPARTMENT, JANUARY, 1915.

In the Matter of the Application of SUSIE MERRILL and Another, as Administrators, etc., of ORSON A. VAN ALSTINE, Deceased, Appellants, v. ROBERT S. PARSONS, an Attorney at Law, Respondent.

Appeal from an order of the Supreme Court, entered in the Broome county clerk's office on the 17th day of December, 1913.

PER CURIAM: Both parties offered as testimony the evidence in the record which was before us in *Matter of Merrill* (151 App. Div. 785). The facts have not been changed. The administrators' accounts have been surcharged with this payment. It would seem inequitable if they should not be allowed to recover it back from the attorney to whom it has been held that they have unlawfully paid the same. The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs. All concurred, except Woodward, J., who voted to affirm on the opinion of Mr. Justice Gladding at Special Term, and Lyon, J., not voting. Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.