### MERRILL et al. v. PARSONS. (No. 334–38.)

(Supreme Court, Appellate Division, Third Department. January 15, 1915.)

EXECUTORS AND ADMINISTRATORS (§ 281*)—FEE PAID SURROGATE—RECOVERY.

Where an administrators' account had been surcharged with the amount paid by an attorney for the estate, from his contingent fee, to a surrogate who unlawfully acted as counsel for the administrators, on the ground that the surrogate was brought into the case by virtue of an arrangement between himself, the administrator, and the other attorney before the contingent fee contract was made, the administrators can recover from the surrogate the amount so paid to him.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 1102–1104, 1106–1115; Dec. Dig. § 281.*]

Woodward, J., dissenting.

Appeal from Special Term, Broome County.

Application by Susie Merrill and Diar Baker, as administrators of the estate of Orson A. Van Alstine, deceased, against Robert S. Parsons, attorney at law, to compel the attorney to pay to the administrators a sum which he had received as counsel for them. Proceeding dismissed, and petitioners appeal. Reversed, and petition granted.

The opinion of Mr. Justice GLADDING at Special Term was as follows:

This is a proceeding to compel Robert S. Parsons, as an attorney at law, to pay to the petitioners $600 which he has received as counsel for plaintiffs (the petitioners herein) in an action which they brought as administrators to recover for the negligent killing of their intestate.

The administrators were appointed by Judge Parsons as surrogate of the county of Broome, and it was during his term of office that he acted as such counsel and received the $600 for his services. Of course he had no right to act as counsel in that action. By section 2495 of the Code of Civil Procedure he was prohibited from acting as attorney or counsel for the administrators. He violated that law when he became counsel for the plaintiffs in that action, and had no valid claim or right to the $600. In case he is not required to pay it back, then in what way he is amenable for this violation of law is a question not now before me.

The respondent's attorney in his able brief suggests several legal grounds which he claims require a denial of the relief asked, but I find there is a question of fact which disposes of this proceeding before reaching the legal propositions discussed. This question of fact is whether the $600, which Mr.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Van Cleve, the attorney of record, paid to Judge Parsons for the latter's services as counsel for the plaintiffs in the action, was money belonging to the plaintiffs or belonging to Mr. Van Cleve the attorney. Of course, if it belonged to Van Cleve, and the plaintiffs had no interest in it, then Van Cleve is the person entitled to it, and the only person entitled to recover it. In this proceeding, wherein Mr. Van Cleve is not a party, and in which Judge Parsons for the first time has had an opportunity to be heard upon the questions involved, I believe it is my duty to decide this question of fact without reference to, and without being influenced by, any decisions heretofore made in another proceeding between different parties. Upon the papers and proofs submitted I feel compelled to find and hold that the $600 paid Judge Parsons was money then and now belonging to William F. Van Cleve. The proof does not warrant a finding that it was money belonging to the plaintiffs, or that they had any interest therein.

The facts relating to this question are not in dispute, and are wholly uncontroverted by the testimony submitted to me. The claim of the administrators against the defendant in the action to recover for their intestate's death was attended with much doubt and many difficulties, as the three trials and various appeals disclosed. There was no money or assets of the estate available to prosecute the claim. Under those circumstances Van Cleve agreed with the administrators to act as their attorney to bring the action, pay all the expenses, charge nothing unless successful, and if a recovery was had to receive one-half thereof in full for his services. The amount recovered was $4,413.21, which was paid to the attorney. He deducted the expenses, $260.47, and paid half of the remainder to the administrators pursuant to the agreement. He had employed Judge Parsons as counsel, and from his own half of the recovery he paid Parsons the $600 sought to be recovered by the petitioners herein.

As was said by Justice Houghton in the appeal by the special guardian from the decree of the Surrogate's Court settling the account of the administrators (Matter of Merrill, 151 App. Div. 789, 136 N. Y. Supp. 887): "The agreement that the attorney [Van Cleve] should have one-half the recovery for his services, under the circumstances disclosed, was not unconscionable, and there is no dispute that such was the agreement. Nor is there any dispute that he paid their one-half to the administrators, * * * or that the attorney, Van Cleve, paid the $600 to the surrogate from his own half of the recovery." Mr. Van Cleve so testifies, and I believe what he says. It is not disputed, not even by the petitioners in this proceeding. Possibly, in an action wherein the question can be litigated, evidence might be adduced which would warrant a finding that the $600 belonged to the plaintiffs in the action, the petitioners herein.

I dismiss this proceeding, without costs, and without prejudice to an action, or any other proceeding which the petitioners may be advised to institute.

Nichols & Lewis, of Binghamton (William L. Lewis, of Binghamton, of counsel), for appellants.

Edmund B. Jenks, of Whitney's Point, for respondent.

PER CURIAM. Both parties offered as testimony the evidence in the record which was before us in Matter of Merrill, 151 App. Div. 785, 136 N. Y. Supp. 884. The facts have not been changed. The administrators' accounts have been surcharged with this payment. It would seem inequitable if they should not be allowed to recover it back from the attorney, to whom it has been held that they have unlawfully paid the same.

The order should therefore be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs. All concur, except WOODWARD, J., who votes to affirm on the opinion of Mr. Justice GLADDING at Special Term, and LYON, J., not voting.